### CURNAN *v.* DELAWARE & O. R. CO.

*(Supreme Court, General Term, Second Department.   February 8, 1892.)*

1. CONTRACTS—RESCISSION BY ACT OF PARTIES.

A contract between plaintiff and defendant provided that the latter might dissolve the contract at any time upon five days' notice, and that upon such dissolution plaintiff should be entitled to payment for work done, and also to the sum of $3,000 as liquidated damages.   *Held,* in an action to recover for the work done and for such liquidated damages, that a finding that such contract had been dissolved was supported by a finding of fact, sustained by proof, that defendant directed plaintiff to discontinue work, and refused thereafter to allow him to continue.

2. WITNESS—TRANSACTIONS WITH DECEDENTS.

Testimony of plaintiff in an action against a railroad company upon a contract by him with it to build its railroad, as to conversations between him and a person since deceased, who supplied funds to the company for the construction of the road, is not excluded by Code Civil Proc. § 829, providing that a party shall not be examined in his own behalf against an executor, etc., or person deriving title from a deceased person, as to transactions or communications with such deceased person, as the company does not hold under such person.

Appeal from circuit court, Dutchess county.

Action by Thomas Curnan against the Delaware & Otsego Railroad Company upon a contract for construction of a railway.   Defendant appeals from a judgment in plaintiff's favor, rendered by a judge at circuit without a jury. Affirmed.

The contract provided that defendant might dissolve the contract upon five days' notice, whereupon plaintiff would become entitled to the value of work performed and to $3,000 as liquidated damages.   Without cause, defendant directed plaintiff to discontinue work, and thereafter refused to allow him to proceed.   At the trial plaintiff testified to conversations concerning the work had by him with Thomas Cornell, the chief stockholder of the road, who furnished the funds for prosecuting the work.

Argued before DYKMAN and PRATT, JJ.

*G. D. B. Hasbrouck,* for appellant.   *P. Cantine, (John Hackett,* of counsel,) for respondent.

DYKMAN, J.    This is a common-law action for the recovery of money, based upon an agreement in writing between the plaintiff and defendant for the construction of about 25 miles of single-track railroad.    There has been a trial before a justice of the court, without a jury, who decided in favor of the plaintiff, and from the judgment entered upon such decision the defendant has appealed.    The findings are full and well supported by the testimony, which would justify a larger recovery, but for some difficulty about the complaint, which we will not notice, as the plaintiff has not appealed.    The justice of the case is entirely with the plaintiff, and the judgment does as much for him as can now be done, although it is evident he has not recovered his whole damage.    The defendant contends that the contract was not dissolved, but the finding of fact is that the defendant directed the plaintiff to discontinue work, March 31, 1890, and refused to allow him to continue, by reason whereof the plaintiff furnished no more work or materials under the contract. It is further found that by the terms of the contract it could be dissolved by the defendant, and then the finding enumerates many acts of the defendant which are sufficient to justify a finding of a breach and dissolution of the contract, and a refusal to allow the plaintiff to complete the same.    Such interpretation of the conduct of the defendant is reasonable, and meets with our entire approbation.    If the interpretation contended for by the defendant prevails, then the contract will never be terminated by its inaction and refusal to permit the plaintiff to proceed, and he will be without recovery.    We do not think the admissions of the conversations between the plaintiff and Thomas Cornell, deceased, was error.    The corporation is the defendant, and it does not hold through Cornell in any sense, within the meaning of section 829 of the Code.    We find no error in the record, nor anything requiring further notice in this opinion.    It is not a case for elaboration upon paper.    Justice has been done, and the judgment should be affirmed, with costs.